[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Fair Hearing officer, upholding the decision of the defendant, Audrey Rowe, Commissioner of the Department of Social Services, holding the plaintiff, Mary Kovacs, ineligible for Title XIX benefits effective July 1992 and instructing the Department to take appropriate action in determining the proper period of ineligibility and to seek recoupment.
The problem had its genesis in July 1978 when the plaintiff's husband, Stephen Kovacs, Jr., quit claimed the property in issue to his daughter and retained a life use in the property for the plaintiff and himself. He died July 7, 1989. The plaintiff entered into convalescent care on January 8, 1990 and began receiving Title XIX help. The daughter then signed a Succession Tax Return listing the value of the property at that time of the plaintiff's husband, Stephen Kovacs, Jr., as $220,000 and that the plaintiff's life use of the property was $62,271. On July 7, 1992, the plaintiff quitclaimed her interest in the property to her daughter for $1. The plaintiff was 81 years old at the time of the transfer. The value of the property at the time of the quitclaim was $175,000. On July 14, 1992 the daughter sold the property for $175,000. The defendant was not notified of the two transfers of the property. It was then determined by the defendant that the plaintiff did not receive the fair market value of the property and also that the value of the plaintiff's life interest was $33,153.
The daughter was then told that the $33,153 would have to be paid to the State or the State would have to consider these funds as a transfer of assets without a fair market value being received and the transfer would render the plaintiff ineligible for 4 months from the date of the sale.
A hearing was held on the matter on November 3, 1993, and the Hearing Officer ruled that the plaintiff became ineligible for Title XIX benefits effective July 1992 and that the Department should take appropriate action to determine the period of ineligibility and seek recoupment. This appeal followed.
The Court agrees with the defendant's factual and legal analysis of the situation as set forth in its brief dated January 24, 1995; and also agrees that the plaintiff became ineligible for Title XIX benefits effective July 1992 because the plaintiff failed to receive fair market value for the transfer of her life use of the property to the daughter. CT Page 13336
The appeal is dismissed.
THOMAS J. O'SULLIVAN, TRIAL REFEREE